IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| United States of America, | Cr. No. 0:04-353-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Samuel Larelle Anderson, Defendant. | |

This matter is before the court on Defendant's "Petition for Writ of Audita Querela." ECF No. 771. Defendant contends changes in the law establish his sentencing calculations under the United States Sentencing Guidelines are in error, arguing the murder he participated in should not have been cross referenced to his drug conviction because it did not occur during the commission of an offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. *Id.* at 6.

Writs of *audita querela* are used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). While Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both the writ of *audita querela* and the writ of *coram nobis*, *see* Fed.R.Civ.P. 60(b) and *United States v. Beggerly,* 524 U.S. 38, 45 (1998); the Supreme Court held in *United States v. Morgan,* 346 U.S. 502 (1954), that the writ of *coram nobis* was still available in the criminal context under the All Writs Act. In light of this decision, at least five other circuits have questioned whether *audita querela* may also be used "to vacate an otherwise final criminal conviction" under the All Writs Act. These circuits have uniformly taken the approach, however, "without deciding, that in some appropriate set of circumstances *audita querela* affords post-conviction relief to a criminal defendant." *Reyes*, 945 F.2d at 865 (collecting cases). Like these

courts, this court assumes for purposes of this case that a prisoner may seek a writ of *audita querela* under the All Writs Act.

A writ of *audita querela*, however, is "not available to a petitioner when other avenues of relief are available, such as a motion to vacate sentence under § 2255." *United States v. McRae*, 359 F. App'x 399 (4th Cir. 2009) (affirming district court's denial of writ of *audita querela* because the petition "was tantamount to a successive motion under 28 U.S.C. § 2255, over which the district court lacked jurisdiction."). The fact that Defendant may be unable to obtain relief under § 2255 without first petitioning the Fourth Circuit for permission to file a successive motion does not alter this analysis. *Id.*

Although Defendant argues claims regarding sentencing guidelines are not cognizable in a motion under § 2255, alternative remedies do exist. *See Alonzo v. United States,* 368 F. App'x 467 (4th Cir. 2010) (unpublished) (holding the defendant's writ of *audita querela*, challenging his guideline determination to be a career offender, was a successive § 2255 motion). Therefore, the writ of *audita querela* is not available to Defendant. Defendant's writ of *audita querela* is, in actuality, a second or successive motion for relief under § 2255.[1]

Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on

---

[1] Defendant filed several prior motions under § 2255. *See* ECF Nos. 565, 638, 644.

2

second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this writ of *audita querela*, properly construed as a § 2255 motion, is fatal to any action in this court.

**Certificate of Appealability**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

3

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina
November 13, 2017