IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No. 0:04-353 (CMC) |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Samuel Larell Anderson, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This case comes before the court on Defendant's Motion for Relief under the First Step Act of 2018. ECF No. 880. The United States Probation Office has filed a Sentence Reduction Report ("SRR"), indicating Count 1 is a covered offense, but noting the reduced statutory penalties on Count 1 had no impact on the guideline range and Defendant is only entitled to a reduced term of supervised release. ECF No. 870. The Government filed a response agreeing with Probation. ECF No. 883. Thereafter, the court directed the Government to address whether Defendant's conviction on Count 7 should impact the court's decision. The Government then filed a Supplemental Response (ECF No. 885) and Defendant filed a Supplemental Motion for Relief (ECF No. 886).

**Background**

Defendant was charged in a Second Superseding Indictment with the following counts: conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine (Count 1); intentional killing of an individual while engaging in conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and 500 grams of more of cocaine, in violation of 21 U.S.C. § 848(e)(1)(A) (Count 3); knowing use and carrying of a firearm during and in relation to a drug trafficking crime and a crime of

violence, which caused the death of a person through the use of the firearm, such killing being a murder, in violation of 18 U.S.C. § 924(j)(1) (Count 4); felon in possession of a firearm (Count 6); and possession with intent to distribute a quantity of cocaine base (Count 7). ECF No. 138. The Government filed an Information under 21 U.S.C. § 851 noting Defendant had three prior felony drug convictions, subjecting him to a mandatory Life Sentence. ECF No. 73.

On September 6, 2005, Defendant entered a guilty plea pursuant to an Amended Plea Agreement to Count 1, conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, and Count 7, possession with intent to distribute a quantity of cocaine base. ECF No. 284.[1] The Plea Agreement included a stipulation by Defendant that he had one prior felony drug conviction which was noticed pursuant to § 851 and subjected him to a mandatory minimum term of twenty years imprisonment. *Id.* at ¶ 5. The parties stipulated that the quantity of cocaine base Defendant was responsible for as relevant conduct was at least 50 grams, that there was insufficient evidence for a role enhancement or obstruction of justice, that the murder cross-reference at U.S.S.G. § 2D1.1(d)(1) was applicable, and that a three-level reduction for acceptance of responsibility was applicable if Defendant complied with his Plea Agreement. *Id.* at ¶ 13.

At the Rule 11 hearing, the court advised Defendant:

All right, the particular charge in count 1 is that beginning at a time unknown to the grand jury, but at least early 2000, and continuing thereafter up to and including the date of the second superseding indictment, that you, along with Mr. Reid and Mr. Simpson, knowingly and intentionally did conspire and agree with each other and

---

[1] As set forth in detail below, the factual basis for Defendant's guilty plea to Count 1 did not support a plea to the powder cocaine portion of Count 1, but only to the conspiracy involving cocaine base.

2

with others, knowingly, intentionally, and unlawfully to possess with intent to distribute 50 grams or more of crack cocaine, and 500 grams or more of cocaine, these both being Schedule II controlled substances, in violation of the federal drug laws.

…

As to count 1, in order for the Government to prove that, they would have to be able to prove that this conspiracy that is described in count 1 to distribute the charged amount of controlled substance here, 50 grams or more of crack cocaine, was willfully formed and was existing at or about the time alleged. That at some point in time you willfully became a member of this conspiracy, and that you possessed with intent to distribute or distributed a quantity of controlled substance equal to or in excess of the amount charged in count 1, that is, 50 grams or more. That you either agreed to assist in the distribution of that quantity or you assisted actually in the distribution of that quantity or an amount in excess of that quantity, or at least it was reasonably foreseeable to you, and it was within the scope of your agreement and understanding that this amount of drugs was to be distributed.

…

Now, do you understand what the Government would have to prove and what the charges are that you are proposing to plead guilty to?

The Defendant: Yes, ma'am.

ECF No. 443 at 26-28.

The Government summarized the evidence against Defendant, explaining

the evidence would show that Kenny Reid was a longtime distributor of cocaine and crack cocaine in the Ft. Mill and Rock Hill areas.

…

[A]t some point, probably around late 2002 or early 2003, Mr. Anderson, who was a former friend of Mr. Reid's from Orangeburg, moved into the Rock Hill – the Ft. Mill, excuse me, residence of Mr. Reid's mother, Mr. Reid's sister, and several other family members. And at that point, Mr. Anderson began selling quantities of crack cocaine on almost a daily basis that he received from Mr. Reid.

And the government has a number of witnesses who would testify that Mr. Anderson sold crack cocaine, that they saw him sell crack cocaine. The government has at least two witnesses who were regular customers of Mr. Anderson, who would testify that Mr. Anderson sold them crack cocaine on a daily basis, or almost daily basis.

And one of those witnesses was a lady named Rosa Bruce, who was asked to get a cell phone for Mr. Anderson in her name because he did not have good credit. And she got a cell phone for Mr. Anderson and a cell phone for his then girlfriend LaSharon Fort, who is a sister of Mr. Reid.

3

> The government's evidence would show that Mr. Anderson sometimes frequented a trailer at Red River Road in Rock Hill where Mr. Reid had ounce quantities of crack cocaine there, displayed, weighed out. Mr. Anderson would sometimes receive those quantities.
>
> And the government also has at least one witness who would testify that Mr. Anderson drove Mr. Reid on occasion when Mr. Reid was coming to make deliveries of an ounce quantity of crack cocaine to him.
>
> So, the government can prove well in – can prove that the conspiracy distributed well in excess of 50 grams of crack cocaine. We can prove that Mr. Anderson actually over that entire time period distributed that quantity, but we can also prove that that quantity was known to him and was certainly reasonably foreseeable to him.
>
> In addition, Your Honor, on October the 30th of 2003, local police performed a search warrant at the Ft. Mill residence of Mr. Reid's mother, Smoochie Reid, and others. And on that date they found Mr. Anderson holding about an eight ball of crack cocaine, which was about 3.5 grams. They had previously made a purchase or controlled purchase of drugs from that residence, and the CI identified Mr. Anderson as the person who sold him those drugs.

*Id.* at 28-31.

Thereafter the court inquired of Defendant as follows:

> The court: In terms of the selling of the crack cocaine that Mr. Moore was describing, how much were you generally selling?
> The Defendant: A quarter up to – a quarter or maybe an ounce a week.
> The court: Okay. From a quarter of an ounce up to an ounce a week?
> The Defendant: Yes, ma'am.
> The court: And over what period of time were you doing that?
> The Defendant: Maybe from July up until the time I got arrested, October 30th.
> The court: Do you believe that during that time period you sole more than 50 grams of crack?
> The Defendant: Oh yes, ma'am.
> The court: So it was at least more than that?
> The Defendant: Yes, ma'am.
> …
> The court: All right. Now, Mr. Anderson, how do you wish to plead to counts 1 and 7 of the second superseding indictment, not guilty or guilty?
> The Defendant: Guilty.

*Id.* at 39, 42.

Sentencing took place on July 20, 2006. ECF No. 370. Defendant was sentenced to 300 months imprisonment on Counts 1 and 7, concurrent, and 10 years' supervised release. ECF No. 376. Defendant appealed, but his conviction and sentence were affirmed. ECF No. 474. He has been in custody since October 30, 2003.

## Analysis

The court finds Defendant's statutory range on Count 1 is changed by the First Step Act and is no longer 20 years to Life imprisonment and at least 10 years' supervised release, but is now 10 years to Life imprisonment and at least eight years' supervised release. Therefore, because the statute of conviction on Count 1 is one for which the statutory penalties were modified by section 2 of the Fair Sentencing Act, it is a "covered offense."

However, Defendant's conviction on Count 7, for which he is serving 300 months concurrent with 300 months on Count 1, is not a covered offense. Defendant pled guilty in Count 7 to Possession with intent to Distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF Nos. 284-286.

Under the First Step Act, the court may impose a reduced sentence only if it previously imposed a sentence for a "covered offense" – *i.e.*, a "violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." Because sections 2 and 3 of the Fair Sentencing Act have no effect on the statutory penalty for Defendant's offense of possession with intent to distribute a quantity of cocaine base, a violation of 21 U.S.C. §§ 846, 841 (b)(1)(C), Count 7 is not a covered offense eligible for First Step Act relief. Section 2 of the Fair Sentencing Act amended the threshold cocaine base amounts triggering §§841(b)(1)(A) and (B)'s penalties, amending

5

§ 841(b)(1)(A)(iii) "by striking '50 grams' and inserting '280 grams,'" and amending § 841(b)(1)(B)(iii) "by striking '5 grams' and inserting '28 grams.'" Fair Sentencing Act, § 2, Pub. L. No. 111-220, 124 Stat. 2372. Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession. Fair Sentencing Act, § 3, Pub. L. No. 111-220, 124 Stat. 2372. Neither section altered the statutory penalties for offenses involving a quantity of cocaine base under § 841(b)(1)(C). Both before and after the effective date of sections 2 and 3 of the Fair Sentencing Act, the statutory maximum penalty for Defendant's offense of conviction in Count 7 is 30 years' imprisonment and at least six years' supervised release pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(C).

The Government concedes Count 1 is a covered offense under the First Step Act and the statutory penalty is now 10 years to Life imprisonment and at least eight years' supervised release. The Government further concedes the court has the discretion to impose a reduced sentence that has the effect of reducing Defendant's sentence on a non-covered offense, such as Count 7.[2] However, the Government opposes such a reduction based upon Defendant's guideline stipulation that a murder cross-reference found at U.S.S.G. § 2D1.1(d)(1) was applicable.[3]

---

[2] Essentially, because the court originally fashioned a sentence as a whole for both convictions, Defendant's eligibility on Count 1 under the First Step Act means the court has the authority and discretion to unbundle the sentence and imposed a reduced sentence on both counts.

[3] Defendant argues he is entitled to a plenary resentencing. ECF No. 205. However, the court has determined a plenary resentencing is not required by the First Step Act. *See, e.g., United States v. Hegwood*, __ F.3d __, 2019 WL 3729590 (5th Cir. Aug. 8, 2019); *United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (applying § 3582(c)(1)(B) and rejecting plenary resentencing); *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019) (same); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL

## Application

Defendant is currently serving a 300-month concurrent sentence on Counts 1 and 7, followed by 10 years' supervised release. He has been in custody since October 30, 2003, almost 16 years. His projected release date is currently September 14, 2025. Defendant is 41 years old.

Defendant's guideline range at sentencing was 324-405 months. The Government filed a motion under U.S.S.G. § 5K1.1 and the court granted a two level reduction, resulting in a guideline range of 262-327 months. Defendant's guideline range was driven by his stipulation to the murder cross-reference and his Category II criminal history. Although Defendant did not commit the murder, he was present and disposed of the murder weapon. The murder was ordered by Defendant's boss in a drug organization who directed the killing of an informant. The boss is serving a life sentence and the shooter is serving 348 months.

Although Defendant's role in the murder was less than that of his co-defendants, the seriousness of the offense cannot be overstated. The informant was gunned down in his home in the presence of his wife and children. Defendant's role in the drug operation involved selling crack cocaine.

Since his incarceration, Defendant has obtained his GED, taken approximately 23 educational courses, completed the non-residential drug program, and is working toward certifications in carpentry, HVAC, and Housekeeping. No disciplinary infractions have been

---

861418, at *1 (W.D. Va. Feb. 22, 2019) (imposing reduced sentence pursuant to § 3582(c)(1)(B)); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019) (same); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019) (same).

reported, and he has received a letter of commendation from a supervisor for restraining an inmate who attacked a BOP employee.

The court has considered the new statutory range on Count 1, the advisory guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing behavior and mitigation and has decided to impose a reduced sentence of 262 months on Counts 1 and 7, concurrent. Supervised release shall be eight years on Count 1 and six years on Count 7, concurrent. This reduced sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing. The court finds that a time served sentence is not warranted given the seriousness of the offense conduct.

**IT IS SO ORDERED.**

                                      s/Cameron McGowan Currie
                                      CAMERON MCGOWAN CURRIE
                                      Senior United States District Judge

Columbia, South Carolina
September 17, 2019